## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUNTER DOUGLAS WINDOW DESIGNS LLC, <br><br> Plaintiff, <br><br> v. <br><br> AL SILVERBERG, <br><br> Defendant. | Civil Action No.:  7:22-cv-08044 <br><br><br> **COMPLAINT** |

Plaintiff Hunter Douglas Window Designs LLC ("Plaintiff" or "Hunter Douglas"), by and through its attorneys, alleges against Defendant Al Silverberg ("Defendant" or "Silverberg") as follows:

### NATURE OF THE ACTION

1.      On August 16, 2017, Hunter Douglas and Silverberg entered into a loan agreement and a promissory note.  Under that loan agreement and promissory note, Hunter Douglas made a personal loan of $750,000 to Silverberg.  In return, Silverberg promised to repay the principal and accrued interest, in full, on or before July 1, 2022.

2.      As of the date of this Complaint, Silverberg has failed to repay any of the principal and accrued interest due and owing despite written notice demanding such payment. Accordingly, Silverberg has breached the parties' agreements and Hunter Douglas brings this lawsuit to recover from Silverberg all amounts due and owing and damages related thereto.

## THE PARTIES

3.      Plaintiff Hunter Douglas is a Delaware limited liability company maintaining its headquarters at 1 Blue Hill Plaza, Pearl River, NY 10965.

4.      Hunter Douglas is 100% owned by Hunter Douglas Fabrication Company, a California corporation headquartered in Pearl River, NY.

5.      Upon information and belief, Defendant Silverberg is a citizen and domiciliary of Tennessee, residing at 4822 Post Road, Nashville, TN 37205.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that this is a civil action where Plaintiff's damages exceed the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.      Venue is proper in this Court because Plaintiff is headquartered within the Southern District of New York.

## FACTS

8.      On August 16, 2017, Hunter Douglas and Silverberg entered into a loan agreement (the "Loan Agreement") and a promissory note (the "Promissory Note").

9.      Under the terms of the Loan Agreement, Hunter Douglas agreed to make a personal loan of $750,000 (the "Loan") to Silverberg simultaneously with the closing of transactions contemplated under a separate agreement (the "Unit Purchase Agreement").

10.     The Loan Agreement provides that it is governed by the laws of the State of New York without giving effect to its conflict of laws principles.

11.     Also on August 16, 2017, Hunter Douglas and Silverberg executed the Promissory Note evidencing the amounts Silverberg owed Hunter Douglas under the Loan Agreement.

12.     The Promissory Note provides that it shall be construed and enforced in accordance with and governed by the laws of the State of New York, without reference to the conflict of laws principles thereof.

13.     Pursuant to the Loan Agreement and Promissory Note, Hunter Douglas did, in fact, make a personal loan to Silverberg in the amount of $750,000.

14.     Under the terms of the Loan Agreement and Promissory Note, the Loan bears interest at the rate of three and one-half percent (3.5%) compounded monthly.

15.     Under Section 4 of the Loan Agreement, the Loan was "fully due and payable on or before July 1, 2022."

16.     As of July 1, 2022, Silverberg had not repaid any portion of the Loan nor the accrued interest due and owing.

17.     On September 6, 2022, pursuant to Section 9 of the Loan Agreement, Hunter Douglas provided Silverberg with written notice of non-payment.  Hunter Douglas demanded payment in full of all amounts due and owing under the Loan Agreement including accrued interest, which, as of September 6, 2022, amounted to $880,596.

18.     Pursuant to Section 9 of the Loan Agreement, Silverberg had ten days after Hunter Douglas' written notice of non-payment to pay the full amount due and owing to avoid an Event of Default (i.e., until September 16, 2022).

19.     As of the date of this Complaint, Silverberg has not repaid any portion of the Loan or any amounts due and owing.  Accordingly, an Event of Default has occurred and Silverberg is in breach of the Loan Agreement and Promissory Note.

20.     As a result of Silverberg's default on the Loan Agreement, Hunter Douglas has suffered damages.  As of September 20, 2022, $750,000 in principal and $131,618 in interest, totaling $881,618, remains due and owning under the Loan Agreement and Promissory Note.  In addition, Hunter Douglas has been forced to incur substantial additional expenses, including attorneys' fees, in connection with its efforts to enforce the terms of the Loan Agreement and Promissory Note.  Such expenses continue to accrue.  All such sums are due under the Loan Agreement and Promissory Note and continue to accrue interest each day, and Silverberg's failure to pay continues to damage Hunter Douglas.

## CAUSE OF ACTION

### (Breach of Contract)

21.     Hunter Douglas repeats and realleges each and every allegation contained in the Paragraphs 8 through 20 above.

22.     A valid agreement exists between Hunter Douglas and Silverberg under which Silverberg promised to repay the Loan.  Hunter Douglas performed its obligations under the Loan Agreement and Promissory Note.  Silverberg, however, has breached the Loan Agreement and Promissory Note by, among other things, failing to repay Hunter Douglas the principal and accrued interest due and owing under the Loan Agreement.  Hunter Douglas has been damaged as a result of Silverberg's failure to comply with the Loan Agreement and Promissory Note.

23.     Silverberg is therefore liable to Hunter Douglas for all damages resulting from such breach, including, but not limited to, damages for the full amount of the principal, interest, fees, expenses, and other amounts due under the Loan Agreement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

24.     Awarding Hunter Douglas damages for unpaid principal and interest in the amount of $881,618 in addition to any such interest or fees that may accrue and/or be found to be due and owing subsequent to the filing of this Complaint;

25.     Awarding Hunter Douglas all attorney's fees and costs incurred in connection with this action;

26.     Awarding Hunter Douglas pre- and post-judgment interest to the maximum extent allowed by law; and

27.     Such other further relief as the Court may deem just and proper.

5

Dated: September 20, 2022

      New York, New York

                    KING & SPALDING LLP

                    By: */s/ Richard T. Marooney*

                    Richard T. Marooney
                    King & Spalding LLP
                    1185 Avenue of the Americas
                    34th Floor
                    New York, NY 10036
                    Tel: 212-556-2242
                    rmarooney@kslaw.com

                    *Attorney for Plaintiff Hunter Douglas*
                    *Window Designs LLC*